UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23973-MC-KING/GOODMAN

IN RE APPLICATION OF
Dr. Alfonso Henrique Alves Braga
in his capacity as Judicial Administrator
of Petroforte Brasileiro de Petroleo Ltda. and
others pursuant to 28 U.S.C. § 1782 for
Judicial Assistance in Obtaining Evidence
Located in the Southern District of Florida,
_____/

## PARTIAL ORDER ON THREE NEW MOTIONS TO INTERVENE

THIS MATTER is before me on Motions to Intervene filed by Banco Rural, S.A., a Brazilian corporation; Rural Leasing, S.A., a Brazilian corporation; Katia Rabello, an individual; the late Sabino Correa Rabello, by and through his daughter Katia Rabello; the late Junha Rabello, by and through her sister Katia Rabello; Securinvest Holdings, S.A., a Brazilian corporation; Arnage Holdings Limited, a Cayman Islands company; Brooklands Holdings Limited, a Cayman Islands company; Trade Link Bank, a dissolved Cayman Islands banking corporation; and Fernando Toledo, an individual.  (DE# 85; DE# 86; DE# 87.)

Previously, Rural International Bank, Ltd. moved to intervene "in order to protect its rights and those of its several affiliates and associated entities." (DE# 15.) I granted Rural International's motion to intervene to the extent that it may intervene on its own behalf. (DE# 80.) I also provided that to "the extent that any related entities or individuals *identified in its motion* wish to intervene in order to have their particular interests represented, each of these entities or individuals" must file either a separate motion to intervene or a notice of joinder in Rural International's motion. (*Id.* (emphasis added)).

1

The motions to intervene of Banco Rural, S.A., Rural Leasing, S.A., Katia Rabello on her individual behalf, Securinvest Holdings, S.A., Arnage Holdings Limited, and Brooklands Holdings Limited are **granted** to the same extent I granted Rural International's motion to intervene.  All of these parties were identified in Rural International's motion to intervene and the Court is otherwise satisfied their intervention is appropriate in this case.

For the reasons detailed below, however, I am **reserving** ruling on the following other motions:

(1) **Trade Link Bank**: In Rural International's motion, Trade Link Bank, a dissolved Cayman Islands banking corporation, was not identified.  Rather, in that motion, Rural International identified Trade Link Investments as a Florida company.  Because it appears that a different entity not previously anticipated by my order (and one that is also dissolved) has moved to intervene, instead of an active Florida company, I am reserving ruling in order to allow Dr. Braga the opportunity to file a response in opposition to Trade Link Bank's motion. Dr. Braga is not required to file a response, but if he chooses to not submit one, then I will construe his silence as a signal that he does not oppose the motion.  If Dr. Braga opposes Trade Link Bank's motion on the ground that it is a dissolved banking corporation, then he shall include in his response competent evidence of whether under Caymanian law a dissolved Cayman Islands banking corporation has the capacity to intervene in a lawsuit. In addition, he shall also refer to applicable federal law.  The filing deadlines established by local rule apply.

2

(2) **Fernando Toledo**: This individual was not mentioned in Rural International's motion to intervene. Consequently, he was not specifically contemplated by my previous order. I am also reserving ruling to allow Dr. Braga to respond in opposition to Toledo's intervention. The same protocol applies.

(3) **Sabino Correa Rabello and Junha Rabello**: According to their motions to intervene, both of these individuals are deceased and Katia Rabello seeks to intervene for them. Katia Rabello does not identify the *source* of her authority to represent her father and sister's interests or what legally cognizable interest these two deceased individuals have to protect that justifies their intervention in this proceeding. *Cf.* Fed. R. Civ. P. 25 (substitution of parties allowed only if death does not extinguish claim); *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (Fed. Cl. 2003) (collecting cases standing for the proposition that a "person who dies prior to filing suit is not a legal entity"); *Lebert v. Pacific Mail S.S. Co.*, 249 F. 349, 349 (5th Cir. 1918) (holding that where no law of Canal Zone gave right of action to personal representatives of deceased person, personal representative can maintain no action for wrongful death). Katia Rabello is directed to file a memorandum with this Court within 7 days, detailing the source of her authority to intervene for these deceased individuals and what specific legally cognizable interests these individuals seek to protect in light of the fact they are dead. Thereafter, Dr. Braga shall have 7 days to respond. Katia Rabello may not reply. If Ms.

Rabello does not submit the memorandum, then the Court will deny the motions to intervene relating to Sabino Correa Rabello and Junha Rabello.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 25th day of February, 2011.

                                                                          /s/ Jonathan Goodman
                                                                          Jonathan Goodman
                                                                          UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable James Lawrence King
All counsel of record