UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23973-MC-KING/GOODMAN

IN RE: APPLICATION OF
Dr. Afonso Henrique Alves Braga
in his capacity as Judicial Administrator of
Petroforte Brasileiro de Petroleo Ltda. and others
pursuant to 28 U.S.C. § 1782
For Judicial Assistance in Obtaining
Evidence Located in the Southern District of Florida.
_____/

**ORDER DENYING RURAL INTERNATIONAL BANK LTD.'S**

**MOTION TO VACATE OR AMEND FINAL JUDGMENT**

This matter is before the Court on Intervenor, Rural International Bank Ltd.'s ("Rural") Motion to Vacate or Amend Final Judgment (DE# 55) (the "Motion").[1]  The Court has reviewed the Motion, Dr. Braga's response, the reply, the pertinent portions of the record and the applicable law, and also heard the argument of counsel on February 17, 2011.  Based on the foregoing, and for the reasons outlined below, the Court hereby **DENIES** Rural's motion.

**I.     DETAILED FACTUAL BACKGROUND**

Applicant, Dr. Afonso Henrique Alves Braga ("Dr. Braga"), filed his Application for Expedited Judicial Assistance to Obtain Evidence Located in this District for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 on November 3, 2010 (the "Application").  (DE# 1.) Dr. Braga sought, *inter alia*, leave to issue subpoenas to six persons or entities, including Carlton Fields, P.A. and Robert B. Macaulay (the "CF Respondents").  On November 5, 2010, this Court issued an Order granting the Application.  (DE# 3.)

After being served with the subpoenas authorized by this Court, the CF Respondents

---

[1]     To the extent that non-parties, other than Rural, have sought and been allowed to intervene, and have joined in Rural's Motion, this Order also resolves the other intervenors' joinders in the Motion as well.  (*See* DE# 85-88.)

served their Objections to Subpoenas Duces Tecum on November 29, 2010. (DE# 25.) The CF Respondents objected on several grounds and foreshadowed objections that their client, Rural, would raise for itself if allowed to intervene. The CF Respondents argued that "the Application filed with this Court to support the issuance of the Subpoenas contains inaccurate and misleading statements and/or omissions about the present status of the relevant proceedings in Brazil." (DE# 25, p. 5.) Rural has since been granted permission to intervene and filed this Motion on January 21, 2011. (DE# 55; DE# 80.)

### *Rural's Arguments*

Pursuant to Federal Rule of Civil Procedure 60(b) (1), (3) and (6), Rural seeks entry of an order vacating the November 5, 2010, order granting the § 1782 Application. (DE# 55, p. 1.). Rural contends that: (a) "the Applicant sought and received the Order in a manner that constituted an unexpected and unfair surprise to Intervenors;" (b) "the Order would not have been entered in the absence of Applicant's failure to submit complete factual information to the Court;" and (c) the order "was entered based on factual misrepresentations without Intervenors being given an opportunity to assert its [sic] objections to the Application . . . [and] [c]onformance with the order and the resulting subpoena would result in the disclosure of Intervenors' confidential business information." (*Id.* at pp. 7, 8, 9.)

In support of its Rule 60(b) (1) "unexpected and unfair surprise" argument, Rural's sole contention is that "[t]he *ex parte* order, based on the unnoticed Application, was by its nature a surprise to Intervenors." (*Id.* at p. 7.) Concerning its second argument, under Rule 60(b) (3), Rural argues that Dr. Braga's "incomplete submission of information to [this] Court is part of an 'unconscionable plan' or scheme [that] prevents the movant from fully and fairly presenting its case or defense." (*Id.* At p. 8).

This second argument has two bases.  First, Rural points to Dr. Braga's alleged failure to disclose the significance of a September 22, 2009, Brazilian Superior Court of Justice ("STJ") suspension order to this Court.  (*Id.* at pp. 3-4.)  Second, Rural addresses Dr. Braga's alleged failure to disclose the known absence of a link between the bankrupt entity, Petroforte, and a Brazilian entity to which the Petroforte bankruptcy was previously extended, Securinvest.  (*Id.*)  Rural argues that the suspension, as well as purported factual evidence in Dr. Braga's possession showing that these entities are not part of the same economic group, makes the discovery sought here irrelevant.  (*Id.* at pp. 4-5).

Finally, Rural's third argument, under Rule 60(b) (6) is, in part, a repetition of its second argument under Rule 60(b) (3).  Rural argues that the order was the result of "extraordinary circumstances" because it was "entered based on factual misrepresentations," and would require disclosure of privileged and confidential business information "in conflict with both U.S. and Cayman Islands law."[2]  (DE# 55, pp. 8-9.)  Rural added that any party forced to disclose information in violation of Caymanian law may be subject to criminal prosecution and imprisonment.  (*Id.* at p. 9.)

### *Dr. Braga's Opposition*

Dr. Braga opposes Rural's Motion for several reasons.  (DE# 71.)  Dr. Braga counters that an application pursuant to §1782 is typically and routinely brought and granted *ex parte*.  (*Id.* at p. 6.)  Dr. Braga also notes that he gave actual notice of the Application and the order granting the Application to Brazilian counsel of record for Securinvest and Agroindustrial on

---

[2] As noted below, the Court finds that the potential application of this privilege does not constitute an "extraordinary circumstance" sufficient to warrant relief pursuant to Rule 60(b)(6). *Infra*, p. 9.  As is clear from my order on Rural's motion to stay discovery, however, my conclusion in this order is not intended to suggest that this privilege, if genuinely available and properly applied, cannot form the basis of a valid objection to the requested discovery.

November 9, 2010, well before any discovery was due from any Discovery Respondent, and invited them to observe the anticipated depositions. (DE# 71, pp. 6-7; DE# 69-5.) He further points out that Rural has actively participated in each step of this discovery proceeding and, at each step, interposed objections and filed motions without hindrance. (DE# 71, pp. 7-8.)

Concerning the allegations of non-disclosure and misrepresentations to this Court, Dr. Braga counters that his Application (DE# 1, p. 10), the Brazilian bankruptcy court's July 12, 2010, letters rogatory (DE# 1-1, p. 14), and Dr. Forssell's Affidavit (DE# 1-3, pp. 14, 63-74), each disclosed, and in the case of Dr. Forssell's Affidavit, **attached,** the STJ's September 22, 2009, order, including its provisional suspension provisions. (*See also generally* DE# 71, p. 2.) Dr. Braga also contends that the September 22, 2009, order did not affect his obligation or duty to continue his investigations on behalf of the Petroforte estate. (DE# 71, pp. 8-14.) Dr. Braga defends the relevance of his United States-based discovery and relies on two Brazilian bankruptcy court letters rogatory (one from December 28, 2010, the last word from the Brazilian courts on this issue) to bolster his arguments regarding the necessity for the discovery sought. (DE# 71, pp. 12-13, n.18.) Finally, Dr. Braga counters that neither the asserted privileges nor confidentiality of the requested information triggers Rule 60(b) (6)'s "catch-all" provision or otherwise requires vacateur. (DE# 71, pp. 14-15).

Dr. Braga's counsel reiterated these points at the hearing on February 17, 2011. (Hr'g Tr., DE# 84, pp. 122:3-7, 139:16-25, 140-141:1-17.) Dr. Braga also presented argument urging that this Court need not and should not resolve questions of foreign law in the context of an application for discovery under § 1782. (*Id.* at pp. 111:9-13, 118:14-19, 121:14-17, 124:13-25, 125:1-2), and that the CRPL is not a barrier to the discovery sought. (*Id.* at pp. 164:17-25, 165-169:1-18, 180-181:1-7). Rural, of course, reiterated the position in its motion and reply (as

4

already described above).  (*Id.* at pp. 138:17-25; 139:1-5).

## II.     ANALYSIS

The parties do not dispute that the proper procedure for challenging an order granting an application pursuant to 28 U.S.C. § 1782 is a motion to vacate.  *See In re Clerici*, 481 F.3d 1324, 1330 (11th Cir. 2007).  Federal Rule of Civil Procedure 60(b) (1), (3), and (6) allows relief from an order for (1) mistake, inadvertence, surprise or excusable neglect, (3) fraud, misrepresentation, or misconduct by an opposing party, or (6) any other reason that justifies relief.  Rural seeks relief pursuant to all three of these subsections. (DE# 55, p. 3.)

Rural's first argument, that the § 1782 Application and the order granting it *ex parte*, constituted an "unexpected and unfair surprise," is insufficient to support vacateur here.  A Court's  "correct application of settled law [is not] as an unfair surprise." *Beavers v. A.O. Smith Elec. Prods. Co.,* 265 F. App'x 772, 779 (11th Cir. 2008).  As Dr. Braga correctly points out (DE# 71, p. 6), and this Court noted at the hearing (DE# 84 at pp. 21:24-25; 22:1-5), most § 1782 applications (at least in this district) are filed and decided *ex parte*.  *See In re Clerici*, 481 F.3d at 1333 (affirming denial of motion to vacate order granting §1782 *ex parte* application for discovery for use in foreign civil proceedings); *In re Trinidad & Tobago*, 848 F.2d 1151, 1152 (11th Cir. 1988) (affirming §1782 *ex parte* order), *abrogated on other grounds by*, *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004).[3]

Similarly, although Rural's allegations that the Application contained "incomplete factual

---

[3]     Again, notwithstanding the *ex parte* nature of the Application, Rural in fact has actively participated in this proceeding, (*See* DE# 15, 17, 27, 29, 33-34, 36, 55, 59, 76-77, 79), including appearing and participating in all three depositions authorized by the previous order of this Court. (DE# 84 at pp. 53:16-25, 54:1-8; DE# 12, 16, 20, 24, 34, 39).  Rural and the Intervenors also enjoyed the benefit of their counsel and law firm's objections on their behalf.  (DE# 25).

5

information" and "substantial factual misstatements" conceivably could be said to have some support in the record, they, too, are ultimately unpersuasive. These allegations focused on (a) the alleged lack of disclosure of the STJ's September 22, 2009, order and (b) the alleged lack of disclosure as to the absence of a link between Petroforte and Securinvest and concomitant lack of relevance of the discovery sought.[4] But Dr. Braga disclosed these matters to the Court in his Application (DE#1, pp. 3, 10, 14-18); the two Brazilian bankruptcy court's letters rogatory, the first of which added support to the Application (DE# 1-1, pp. 2-4, 14, 29-33; DE# 69-4, pp.2-8); and the Affidavit of Dr. Forssell and exhibits in support thereof (DE# 1-3, pp. 4-7, 14, 34-36).[5] Indeed, Dr. Forssell's Affidavit, submitted in support of the Application itself, **attaches the order Rural claims was not disclosed to this Court**. (DE# 1-3:63-74).

Apparently recognizing later that Dr. Braga **did,** in fact, disclose the existence of the order, Rural changed its line of attack and now argues, in effect, that the disclosure was inaccurate because it contained a legal argument disguised as a fact.

Specifically, Rural focuses on the following language in Dr. Braga's application: "Dr. Braga's Application noted that the underlying Brazilian bankruptcy case had been suspended as to Securinvest, but represented to the Court that the '*suspension order does not suspend the*

---

[4]   In its initial motion to intervene (DE# 15, p. 2), Rural claimed that Dr. Braga "simply ignores" the suspension order in his Application.

[5]  The discovery sought in the Application is also for use in an ongoing investigation and for potential use in other proceedings that may be pursued by Dr. Braga. (DE# 1, p. 1; DE# 1-3, p. 5). This is an appropriate basis for relief pursuant to § 1782. *See Intel Corp.*, 542 U.S. at 259 (adjudicative proceedings relating to requested §1782 relief need only "be within reasonable contemplation," not "pending" or "imminent"). *See also, e.g.*, *In re Winning (HK) Shipping Co. Ltd.*, , No. 09-22659-MC, 2010 WL 1796579, at *1 (S.D. Fla. 2010) (denying motion to quash order granting § 1782 relating to discovery for anticipated foreign arbitration); *In re Wilhelm*, 470 F. Supp. 2d 409, 410 (S.D.N.Y. 2007) (granting § 1782 petition requested in support of investigative stage of foreign criminal proceeding).

6

*rights and duties of Dr. Braga to carry out his investigations regarding the Petroforte Estate or the identities of the ultimate beneficial owner(s) of Securinvest (or in respect of assets owned by any person associated therewith) or other related entities - such as Agroindustrial.*'" (DE# 97-1, pp. 1-2) (emphasis in original) (quoting DE# 1, p. 10, ¶ 21).)

Rural notes that the Intervenors and Dr. Braga "fundamentally disagree" about "whether the suspension of the Brazilian bankruptcy as to Securinvest leaves Dr. Braga without authority and justification to continue his international investigation of Securinvest." (DE# 97-1, p. 2). It argues that the motions and orders entered in Brazil at least "support the proposition that Dr. Braga's interpretation of the Brazilian proceedings is in dispute." (*Id.*)

At risk of stating the obvious, it is clear to this Court that there is a dispute over the effect of the STJ's September 22, 2009, order. (*See also* order granting in part and denying in part Rural's motion for a stay, filed contemporaneously with this order, for a more-detailed examination of this dispute.) There is no evidence, however, that either side holds their view out as anything other than a genuine belief that the STJ means what each side believes it means. Both Rural and Dr. Braga submitted expert witness declarations supporting their respective views of whether the Brazilian suspension order restricts in any way Dr. Braga's discovery efforts in the United States.

To be sure, Dr. Braga did not expressly advise the Court in its initial application that his statement about the effect of the suspension order is a disputed legal interpretation. But this omission (if it can even fairly be called that), is neither surprising nor indicative of bad faith based upon the record before me. When Dr. Braga filed his application, Rural had not yet filed the declarations of its experts (who adopted a different interpretation, thereby creating a dispute over interpretation). It is clear that Dr. Braga, based upon what his own experts told him, had a

7

good faith basis to believe that his interpretation of the suspension order was the correct one. Under these circumstances, the Court cannot construe Dr. Braga's unequivocal description of the suspension order in the Application as the type of incompleteness or inaccuracy which would justify an order granting a motion to vacate under Rule 60(b)(3).

Rural's second argument for relief under Rule 60(b)(3) is appropriate only if the movant establishes "by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Montgomery v. Hall*, 592 F.2d 278, 278-79 (5th Cir. 1979). *Accord Taylor v. Texgas Corp.,* 831 F.2d 255, 259 (11th Cir. 1999).[6] Relief under Rule 60(b) (3) may only be granted in situations involving "the most **egregious** misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Johnson v. Law Offices of Marshall C. Watson, P.A.*, 348 F. App'x 447, 448 (11th Cir. 2009) (emphasis supplied). A party moving under this rule must prove the existence of "an unconscionable plan designed to improperly influence the court in its decision." *Id.*

In this case, the Court finds that Dr. Braga has not made any misrepresentations to it, let alone any of the severe nature required for relief under Rule 60(b)(3). Dr. Braga's submission certainly could have been more complete, but the shortfall in completeness concerning the interpretation of the suspension order is not egregious and does not reach the level of being "unconscionable."

Finally, I also find that Rural is not entitled to relief pursuant to Rule 60(b) (6). Relief is available under Rule 60(b)(6) only "in the most 'extraordinary' circumstances," and "only in dealing with a request for relief not falling within clauses one through five." *Harduvel v.*

---

[6] Though it phrases this standard somewhat differently in its motion, Rural acknowledges that this is the burden it must carry. (DE# 55, p. 7).

*General Dynamics Corp.,* 801 F. Supp. 597, 613 (M.D. Fla. 1992). *Accord Beavers*, 265 F. App'x at 779; *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) (Rule "60(b)(1) and 60(b)(6) are mutually exclusive" such that "a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)"). This Court is unconvinced, and Rural provides it with no case law or other authority providing a basis for it to conclude, that discovery of potentially privileged or confidential information constitutes an "extraordinary circumstance" meriting relief under Rule 60(b)(6). (DE# 55, p. 9). This Court therefore finds that Rural has not satisfied its burden to demonstrate that any basis for relief under Rule 60(b)(6) exists.

### III.   CONCLUSION

Rural has not demonstrated that Rule 60(b) supports vacateur or amendment of this Court's order granting Dr. Braga's Application for Expedited Judicial Assistance to Obtain Evidence Located in this District for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782. Consequently, Rural's Motion to Vacate or Amend Final Judgment (DE# 55) is **DENIED**.

**DONE AND ORDERED** in Chambers, in Miami, Florida, this 15th day of March 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable James Lawrence King

All counsel of record