UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 10-MC-23973-KING/GOODMAN**

IN RE APPLICATION OF Dr. Afonso
Henrique Alves Braga in his capacity as
Judicial Administrator of Petroforte Brasileiro
de Petróleo Ltda. and others pursuant to 28
U.S.C. § 1782 for Judicial Assistance in
Obtaining Evidence Located in the Southern
District of Florida.
_____ /

**ORDER CLARIFYING THIS COURT'S PRIOR ORDER GRANTING IN
PART AND DENYING IN PART INTERVENORS' MOTIONS TO STAY
DISCOVERY PENDING RESOLUTION OF FOREIGN PROCEEDINGS**

THIS MATTER came before the Court on the Amended Motion of Applicant, Dr. Afonso Henrique Alves Braga ("Dr. Braga"), for Reconsideration to Correct, Amend, or Strike Statements of Fact in Order Granting in Part and Denying in Part Motion to Stay Proceedings Pending Resolution of Foreign Proceedings and Memorandum in Support Thereof. (DE# 123.) The Court has reviewed Dr. Braga's motion, Intervenors' response in opposition and Dr. Braga's reply.

It is hereby **ORDERED AND ADJUDGED** that Dr. Braga's motion is **granted** and my previous 29-page order (DE# 109) will be modestly revised and clarified, as specifically described below.[1]

**I.  Legal Standards**

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of

---

[1] Applicant contends that courts in other jurisdictions might in the future interpret the two statements subject to clarification as the Court's factual findings and incorrectly rely on them. In order to decrease the chances of this happening, the Court will *also* enter a separate "Amended (Clarified) Order Granting in Part and Denying in Part Motion to Stay Proceedings Pending Resolution of Foreign Proceedings." The amended order will contain the two modest changes discussed in this Order.

fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The decision whether to revise its own prior order under this rule is within the "sound discretion" of the Court. *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

A court may revise is prior ruling not only where there has been a change in the law or the facts, but also where it later determines it "'made a decision outside the adversarial issues presented to the Court by the parties'" or where revision is necessary to clarify a court's ruling. *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1993)). *See also Ehlen Floor Covering, Inc. v. Lamb*, No. 2:07-cv-666-29DNF, 2010 WL 2734728, at *1 (M.D. Fla. July 8, 2010).

## II. Analysis and Conclusions

In this instance, Dr. Braga essentially argues that the Court's comprehensive 29-page order on the motions to stay contains two inaccurate factual statements relating to disputed issues of foreign law. Dr. Braga (and Intervenors) acknowledges that these statements are *not material* to the Court's legal reasoning or conclusions in that order. However, Dr. Braga suggests that future courts in other jurisdictions may interpret these statements as this Court's material factual findings and rely on them in ways that will prejudice Dr. Braga.

This Court agrees that the disputed "findings" were not necessary to its legal reasoning and conclusions. Therefore, in the interest of clarification, it hereby **ORDERS AND ADJUDGES** that its previous Order Granting in Part and Denying in Part Intervenors' Motions to Stay Discovery Pending Resolution of Foreign Proceedings (DE# 109) is revised as follows:

The sentence, on page 24 of the order, which originally provided that:

> As a result of the STJ's stay of the bankruptcy as to Securinvest, the second instance court in Brazil (the intermediate appellate court or TJSP) entered an order preliminarily enjoining Dr. Braga from using documents relating to Securinvest which he had secured from ex parte applications in the Cayman Islands, pending a determination by the Grand Court of the Cayman Islands as to whether or not Dr. Braga violated its law regarding the use and confidentiality of documents produced. See de Moraes Decl., ¶ 7 & Ex. C [D.E. 76-2].

is **deleted** and **replaced** with:

> Moreover, in the Cayman Islands proceeding Dr. Braga recently and voluntarily agreed to abide by certain restrictions on his use of documents relating to Securinvest secured from his *ex parte* applications there pending the outcome of further hearing in the Cayman Islands.  (DE# 123, p. 5; DE# 126, p. 4.)

The sentence, on page 18, which originally provided that:

> The parties agree that the issue on appeal before the STJ in Brazil is precisely this, i.e., whether Securinvest can be said to be in the same economic group as Petroforte so that its assets can be applied to payment of Petroforte's debts. T. 50, 88.

is **deleted.**

**DONE AND ORDERED**[2] in Chambers in Miami, Florida, this 17th day of May, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable James Lawrence King
All counsel of record

---

[2] As indicated, these two changes will also be reflected in an amended (clarified) Order, which will be entered separately.